IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**Cause No.  1:21-cv-2247**

TIMOTHY LEE MILLS,                                                    Plaintiff,

v.

INDIANA MEDICAID, a division of Indiana
Family Social Service Administration, and
SOUTHEASTRANS, INC.,                                    Defendants.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**I. INTRODUCTION**

This is a civil action brought by Plaintiff, Timothy Lee Mills, as a member of Indiana Medicaid, and user of Indiana Medicaid's non-emergency transportation provider, Southeastrans, Inc, for denial of contracted and necessary services.  Defendants collectively because of policies and practices caused and continue to cause Plaintiff to suffer discrimination in his pursuit of transportation to and from his healthcare providers because of his disability This discrimination has caused and is still causing Plaintiff to suffer pain and mental anguish, humiliation and diminishment of his quality of life and lost medical care and access to local community health care providers.

Plaintiff seeks redress for the discrimination practiced against him because of his confinement to a wheelchair when accessing his healthcare providers which caused him to be treated differently than other Medicaid members and the non-disabled citizens of

Indiana.

For his relief, Plaintiff asks for injunctive relief, damages for his injuries including lost access to local healthcare providers, extra expenses and time away from home, emotional distress, humiliation, pain and suffering, prejudgment interest, litigation expenses, costs, and attorney fees.

## II. JURISDICTION AND VENUE

A.    This action arises under the provisions of Titles II and III of the Americans with Disabilities Act of 1990, 42 USC §§ 12101, et seq. (ADA), as amended by ADA Amendments Act of 2008, the Rehabilitation Act of 1973, 29 USC §794, as amended (Section 504) and the Civil Rights Act of 1871, 42 USC §§ 1983 and 1988 (Civil Rights Act).

B.    This Court has jurisdiction of this cause under the provisions of 28 USC §§1331 and 1343.

C.    Venue is proper under 28 USC §1391 in that this action is being brought in the Southern District of the State of Indiana which is where Defendants do business with Plaintiff and where the causes of action arise.

D.    Declaratory and injunctive relief is authorized pursuant to 28 USC §§2201 and 2202 and Federal Rules of Civil Procedure, Rules 57 and 65.

E.    Exhaustion of remedies is not required for an action against a public entity under Title II of the ADA *(*28 CFR § 35.140 *and* 28 CFR Pt 35 Appx A) nor is it required by Section 504 or the Civil Rights Act.

F.     Declaratory and injunctive relief is authorized pursuant to 28 USC §§2201 and 2202 and Federal Rules of Civil Procedure, Rules 57 and 65.

G.     Plaintiff timely filed his Notice of Tort Claim with Defendant Indiana Medicaid as a division of Indiana Family Social Service Administration, on July 22, 2020, and the Office of the Indiana Attorney General.  Plaintiff, pursuant to 28 USC §1367(a) requests the Court to assume supplementary jurisdiction over Plaintiff's tort claim for damages caused by Indiana Medicaid's breach of contract and negligence.

### III. JURY DEMAND

Plaintiff requests that this matter be tried by jury as to damages.

### IV. PLAINTIFF

Plaintiff is Timothy Lee Mills (Tim), an individual who currently resides in Bloomington, Indiana, and is confined to the use of a wheelchair because of his disabilities.

### V. DEFENDANTS

A.     Indiana Medicaid (Medicaid) is a division of the State of Indiana's Family Social Service Administration (FSSA) which has its main office in Indianapolis, Indiana..

1.     Indiana Medicaid is being sued for injunctive relief under federal disability laws; and

2.     Damages pursuant to the Court's supplementary jurisdiction for breach of contract and negligence including intentional infliction of emotional

distress.

B.   Southeastrans, Inc. (Southeastrans) is a business duly registered in Indiana as a foreign corporation and:

   1.   Has its headquarters at 4751 Best Road, Ste 300, Atlanta, GA 30337;

   2.   Was contracted by Medicaid in 2018 (Contract) to act as a broker and scheduler of Indiana vendors to provide non-emergency transportation to clients of Medicaid to locations throughout Indiana; and

   3.   Including transporting Plaintiff to health care providers in the Bloomington, Indiana, area.

## VI. UNDERLYING FACTS

1.   Tim has a long term disability requiring him to transport himself at home or elsewhere by wheelchair and often requiring assistance.

2.   Assistance is often provided by his wife, Rhonda, and by whomever is assigned to transport Tim to and from medical appointments by vendors trained and provided by Southeastrans on behalf of Medicaid.

3.   In 2019, Timothy was approved and required by Medicaid to use Southeastrans to provide Tim's transportation.

   a.   Southeastrans was contracted by Medicaid in 2018 (Contract) as the sole provider of non-emergency transportation to medical care appointments forTim.

   b.   Both Defendants were well aware of Tim's need to use his wheelchair to travel

-4-

anywhere in his home and transport to healthcare appointments.

c.     Since then, Southeastrans has failed multiple times to actually provide transport for Tim because the vendors did not have vehicular accommodations for Tim's wheelchair.

d.     Each time Southeastrans was called and approved transportation for Tim, Southeastrans:

1'     Knew initially or should have known after the first time that Tim was confined to a wheelchair;

2'     Required transport to take him to his appointment in a vehicle capable of transporting Tim and his wheelchair;

3'     Knew that a van or similar vehicle equipped to handle a patient in a wheelchair was necessary.

4'     Southeastrans has yet to provide a vendor to transport Tim.

d.     More than ten times in 2019-2020, Southeastrans vendors either failed to show up or declined to provide transportation to Tim;

f.     Each time the vendor failed to transport Tim and his wheelchair to a medical appointment:

1'     The failure was made known to Tim at the last moment if the vendor showed up at all;

2'     Each time this happened, it gave Tim no time to cancel the healthcare appointment; and

3;     Eventually after too many occurrences, led the healthcare providers to refuse

-5-

to schedule further appointments.

g.. This pattern of Southeastrans not providing vendors with appropriate transportation for Plaintiff continues to the date of the filing of this Complaint with the obvious solution not tried by any vendor in Indiana.

h Tim complained to Medicaid about the problem when it started occurring, but nothing has changed to date leaving Tim with no way to get to medical appointments to his detriment..

i. Tim filed his Notice of Tort Claim regarding this problem and put Medicaid on notice of his problem

1' Nothing changed; and

2' Medicaid never responded with an apology or a solution to the problem.

4. Other clients of Medicaid have also filed complaints with Medicaid about the lack of service provided by Southeastrans and fared no better.

5. Both Defendants anticipated, knew or should have known of the special transportation needs including wheelchairs as part of the contract for transportaion. See attached true copies of the following:

a. Plaintiff's Exhibit 1, Pg 2, last paragraph, bullet point second from bottom "Non-emergeecy medical transportation overview"; and

b. Plaintiff's Exhibit 2, Pg 2, second to last paragraph, bullet point second from bottom; "Changes to non-emergency transportation."

c. Note citations at top of Exhibits 1 and 2 as to the source of the document.

6. As a result of Medicaid's failure to intervene and make Southeastrans accommodate

Tim's demonstrated need for appropriate transportation, Tim was unable to get to his health care appointments in or even nearby Bloomington, Indiana, where he resided and still resides.

7.     Because Tim had and still has neither the income nor the ability to travel on his own to his healthcare appointments:

      a..     He was forced to find and travel any way he could to Indianapolis or other cities; and

      b.      Try to obtain his necessary treatment which he could not afford; or

      c.      Else do without the necessary treatment.

8.     Because Medicaid repeatedly failed to intervene and Southeastrans refused to accommodate Tim's needs by providing accessible transportation for Tim and his wheelchair:

      a.      His  physical health has steadily declined and continues along with;

      b.      His mental health;

      c.      His and his family's quality of life; and

      d.      Strains his relationship with his spouse.

## VII. CAUSE OF ACTION

The allegations above state a claim for relief based on the policies and practices of Defendants, their employees and agents which deprived Plaintiff of the rights and privileges guaranteed him by federal law, the details of the transportation contract between Medicaid and Southeastrans, and common sense.

## VIII. RELIEF REQUESTED

Plaintiff, by Counsel, asks the Court to give him judgment for the discriminatory

violations of federal law, contract breaches and neglifences committed against him and grant the following relief for the injuries described in this Complaint which were all proximately caused by Defendants, jointly and severally, or by their employees and agents:

1.   Find and adjudge that Tim is entitled to recover from Southeastrans money damages to compensate Tim for his pecuniary losses and damages for Southeastrans' failure to provide vendors with appropriate vehicles and equipment to transport Tim to his medical appointments.

2.   Find and adjudge based on its supplentary jurisdiction that Tim is entitled to recover money damages for Medicaid's negligence and breach of contract caused by Southeastrans failure to accommodate Tim on various occasions.

3.   Enjoin or direct Medicaid to;

    a.   Require Southeastrans to search out vendors with vehicles with wheelchair handling features that will allow them to transport Tim; or

    b.   Cancel its contract with Southeastrans and look for a better partner who will provide Tim with proper accommodations for his wheelchair.

4.   Order Medicaid to allow Tim to find his own transport service for his healthcare appointments and require Medicaid to reimburse him for the cost of each trip.

5.   Direct Southeastrans to locate capable wheelchair equipped transportation and trained vendors to be made available to Tim and all other clients with similar needs.

6.   Order that employees of Defendants be trained on how to handle clients with

special transportation needs to insure these clients have timely access to their healthcare providers and on how to prevent such events from happening again to Plaintiff or any other client.

7.    Award attorney fees, litigation expenses and costs as allowed by law.

8.    Grant prejudgment interest on any amounts awarded to Plaintiff as damages and post-judgment interest until any judgment is paid..

9.    Set dates for a trial in this matter by jury as to damages and to the court as to equitable relief.

10.   Grant any other relief determined necessary to do justice under the circumstances.

Respectfully submitted,
*/S/ John Emry*
John Emry, 8360-49
Attorney for Plaintiff
62 W. Jefferson Street
Franklin, IN  46131-2311
317-736-5800 (O); 501-4784 (M); 736-6070 (fax)
E-mail: johnemry1@yahoo.com

JE/jwe//MillsTimComplaint