UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY LEE MILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-02247-TWP-TAB |
| | ) |
| INDIANA MEDICAID a division of Indiana Family Social Service Administration, and SOUTHEASTRANS, INC., | ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS

This matter is before the Court on two motions to dismiss. Defendants Indiana Medicaid filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). ([Filing No. 25](#)), and Defendant Southeastrans, Inc. ("Southeastrans") filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ([Filing No. 27](#)). Plaintiff Timothy Lee Mills ("Mills") initiated this action alleging that he suffered discrimination and damages from Indiana Medicaid and Southeastrans (collectively, "Defendants") when they denied him services related to transporting him to and from healthcare providers. In addition to alleging what the Court interprets as state law causes of action for breach of contract and negligence, Mills also brings claims for violations of Titles II and III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq*. ("ADA"), the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1988 ("§ 1983").  Defendants have moved to dismiss the case on the basis that Mills lacks both standing to assert his claims, as well as that he has failed to state claims upon which relief can be granted.  For the following reasons, the Court **grants in part and denies in part** both Motions to Dismiss.

## I.      BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of Mills as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Southeastrans is a business which has contracted with Indiana Medicaid to act as a broker and scheduler of Indiana vendors to provide non-emergency transportation to clients of Indiana Medicaid to locations throughout Indiana. (Filing No. 1 at 4.) Because of his disability, Mills is confined to a wheelchair. *Id*. at 3. He is unable to drive himself to his medical appointments and must rely on either his wife or vendors, like Southeastrans, to transport him. *Id.* at 4. In 2019, Mills was approved and required by Indiana Medicaid to use Southeastrans for his transportation needs. *Id.* Indiana Medicaid's contract with Southeastrans made Southeastrans the sole provider of non-emergency transportation to medical care appointments for members like Mills. *Id.*

After receiving approval from Indiana Medicaid, Southeastrans failed to provide transportation for Mills multiple times or provide appropriate vehicular accommodations. *Id.* at 5. During 2019 and 2020, Southeastrans either failed to show up or declined to provide transportation for Mills more than ten times. *Id.* These failures where only communicated to Mills shortly before his medical appointments and, as a result, his healthcare providers refused to schedule further appointments. *Id.* at 5-6. When the problem began occurring, Mills contacted Indiana Medicaid about the issue but nothing changed, and Mills still struggles with receiving transportation services. *Id.* at 6.

On August 15, 2021, Mills filed a Complaint in this Court. (Filing No. 1.) Thereafter, Defendants filed their respective Motions to Dismiss, asking the Court to dismiss some of the claims Mills has asserted against them. (Filing No. 25; Filing No. 27.)

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction. The burden of proof is on the plaintiff, the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012) (en banc). "The plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof." *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). "In deciding whether the plaintiff has carried this burden, the court must look at the state of affairs as of the filing of the complaint; a justiciable controversy must have existed at that time." *Id.*

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citation omitted). Furthermore, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citation and quotation marks omitted).

### B.    Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." When deciding a motion to

dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III.   DISCUSSION

#### A.   Indiana Medicaid's Motion to Dismiss

Indiana Medicaid asks this Court to dismiss the claims against it for two reasons. First, it contends that Mills lacks standing to raise his claims because he has not pled any circumstances demonstrating his alleged injuries were traceable to Indiana Medicaid's actions. Second, Mills'

4

breach of contract claim is barred by sovereign immunity and his § 1983 claim fails because Indiana Medicaid is not a "person" subject to the statute. The Court will address each argument in turn.

1. **Mills' Standing**

Indiana Medicaid argues that Mills lacks standing because his Complaint includes no allegations that his injuries are "fairly traceable" to any actions of Indiana Medicaid. (Filing No. 26 at 2.) Specifically, in his Complaint, Mills alleges that Southeastrans failed multiple times to provide him with transportation; however, Mills did not plead any facts demonstrating that these actions were traceable to the actions of Indiana Medicaid. *Id.* at 3. Additionally, Mills pled no facts or law demonstrating that Indiana Medicaid "had a duty to prevent those injuries and failed to do so, to support his negligence claim, or that he was a party or third-party beneficiary of the contract between Indiana Medicaid and Southeastrans to support his breach of contract claim." *Id.*

In response, Mills argues that he has standing to secure prospective injunctive relief. (Filing No. 33 at 1.) Mills contends that Southeastrans entered into a 2018 contract with Indiana Medicaid to provide non-emergency medical transportation to Indiana Medicaid's clients. *Id.* Mills was one of the clients approved for this service but was unable to access that service despite repeated complaints to Indiana Medicaid. *Id.* (*see also* Filing No. 1 at 6.)

The standing requirements imposed by the Constitution are three-fold: a litigant must show (1) that he suffered a concrete and particularized injury that is either actual or imminent; (2) that the injury is fairly traceable to the defendant; and (3) a favorable decision will likely redress the injury. *Milwaukee Police Assoc. v. Flynn*, 863 F.3d 636, 639 (7th Cir. 2017) (citations and quotations omitted). Here, viewing the facts as true and inferences in a light favorable to the plaintiff, Mills has alleged all the necessary elements for standing. Mills alleges that he suffered

an injury when he was not provided the non-emergency medical transportation he was approved to receive. That injury is fairly traceable to Indiana Medicaid given that the factual allegations in his Complaint state that he notified Indiana Medicaid several times about the issue but that Indiana Medicaid failed to correct the problem. At the motion to dismiss stage, Mills has sufficiently pled enough facts within his Complaint to demonstrate that he has standing.

2. **Mills' Failure to State a Claim**

Indiana Medicaid also asserts that Mills' breach of contract claim is barred by sovereign immunity and that his § 1983 claim is barred because Indiana Medicaid is not a "person" subject to the statute. (Filing No. 26 at 4-5.) In response, Mills offers no argument to Indiana Medicaid's § 1983 argument. Indiana Medicaid's position is well taken, therefore, the abandoned § 1983 claim is **dismissed with prejudice** as to Indiana Medicaid.

Mills does, however, respond to Indiana Medicaid's sovereign immunity claim. Mills points out that *Ex parte Young*, 209 U.S. 123 (1908), allows a private litigant to sue a state officer for prospective injunctive relief to end "a continuing violation of state law." (Filing No. 33 at 4.) This exception requires the court to perform a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* Mills argues that in his case, there is no remedial scheme for enforcing statutory or contract rights. *Id.* The rights of concern in this case are, per Mills, Titles II and III of the American with Disabilities Act of 1990. *Id.* Mills asserts that he never received an "MA Denial Notice" and was provided no opportunity to appeal, providing him no remedy. *Id.* Mills contends that all of these reasons provide him standing to seek an injunction to correct the ongoing harm and that, in this case, Indiana Medicaid is not protected by sovereign immunity.

In reply, Indiana Medicaid argues the *Ex parte Young* exception does not apply. (Filing No. 41 at 2.) According to Indiana Medicaid, the *Ex parte Young* doctrine only allows "*individual state officials*" to be sued, not a state agency. *Id.* (emphasis in original.) Indiana Medicaid argues that Mills has not made any allegation or claim against a specific state official and, thus, the doctrine does not apply. *Id.*

Indiana Medicaid's argument is well-taken. The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Courts have construed this provision broadly, holding that it confers "'the sovereign immunity that the States possessed before entering the Union." *Bd. of Regents v. Phoenix Int'l Software, Inc.*, 653 F.3d 448, 457 (7th Cir. 2011) (quoting *College Sav. Bank v. Fl Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669 (1999)). This means that "the Eleventh Amendment guarantees that an 'unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Id.* (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).

Sovereign immunity, however, is not absolute immunity. Three exceptions can apply: (1) where Congress, acting under its constitutional authority conveyed by amendments passed after the Eleventh Amendment abrogates a state's immunity from suit; (2) where the state itself consents to being sued in federal court; and (3) under the doctrine articulated by the Supreme Court in *Ex parte Young. Ind. Prot. & Advocacy Servs. V. Ind. Family. & Soc. Servs. Admin*, 603 F.3d 365, 371 (7th Cir. 2010). The first two are not applicable in this case and the third, as Indiana Medicaid correctly points out, does not apply as Mills' causes of action are directed at a state agency, not an individual official. Thus, Mills' breach of contract claim against Indiana Medicaid is **dismissed**.

B.   **Southeastrans' Motion to Dismiss**

Southeastrans seeks dismissal of Mills' complaint for failure to state a claim. Specifically, Southeastrans seeks dismissal of any claims Mills may have asserted under the ADA, Section 504, and § 1983. The Court will address each argument in turn.

1.   **ADA Claims**

Southeastrans argues that Mills has failed to state a claim against it under the ADA. (Filing No. 28 at 3.) In his Complaint, Mills alleges failure to accommodate claims under Titles II and III of the ADA. (Filing No. 1 at 2.) Southeastrans argues that it is not a "public entity" under Title II, so Mills could only have pled a claim under Title III. *Id.* Under Title III, discrimination based on disability is prohibited in "any place of public accommodation." 42 U.S.C. § 12182(a). To make a *prima facie* case under Title III, three elements must be pleaded: (1) the plaintiff was disabled within the meaning of the ADA; (2) the defendant owned, leased, or operated a place of public accommodation; and (3) the plaintiff was discriminated against because of his or her disability. *Id.* at 3 (citing 42 U.S.C. § 12188).

Southeastrans argues that though Mills seeks monetary damages based on its failure to accommodate, he is foreclosed from doing so as a plaintiff suing under Title III may only obtain injunctive relief. *Id.* And Southeastrans argues that Mills does not have the standing to seek the broad injunctive relief he seeks because his Complaint does not demonstrate either "injury in fact" nor the "real and immediate" threat of future violations in every county in the State of Indiana. *Id.* at 4-5.

In response, Mills acknowledges that he lacks standing to bring a claim under Title II and has no remedy for damages under Title III. (Filing No. 37 at 1.) Mills, however, does argue that he is allowed to pursue injunctive relief subject to meeting three requirements. *Id.* (quoting *Lujan*

*v. Defenders of Wildlife*, 504 U.S. 55, 560-61 (1992).  These requirements are those discussed earlier by the Court and include (1) an injury in fact, (2) the injury being fairly traceable to the defendant's actions, and (3) redressability.  *See supra* Section A(1).  Mills argues that his Complaint not only addresses the harm caused by Southeastrans, but also that he will continue to be subject to "the same action with no expectation of change and needs injunctive relief to change the situation . . . ." (Filing No. 37 at 2.)

In reply, Southeastrans argues that Mills still lacks standing as the alleged cause of his injuries are not "fairly … trace[able]" to Southeastrans.  (Filing No. 40 at 4.)  Southeastrans contends that in his Complaint, Mills repeatedly pointed to "vendors" who "failed to transport" or "failed to show up".  *Id.* at 5.  According to Southeastrans, these third parties were the alleged cause of Mills' harm, not Southeastrans.  *Id.*  Southeastrans argues that any allegation that these denials of service can be traced to it would be purely speculative.  *Id.*

Like the Court decided above, Mills has sufficiently alleged enough factual information to have standing to pursue an injunctive relief claim.  It is clear that Mills has made allegations that Southeastrans was responsible for providing him non-emergency transportation services and failed to provide those services. (*See, e.g.,* Filing No. 1 at 5.) These allegations include calling Southeastrans and receiving approval from it for transportation services. Contrary to Southeastrans' arguments, these claims are not "speculative," especially given that at the motion to dismiss stage all factual allegations are accepted as true and reasonable inferences and are decided in a light favorable to Mills.  At this stage of the proceedings, Mills has sufficiently alleged a claim to survive dismissal and Southeastrans' Motion to Dismiss Mills' ADA claim is **denied**.

    **2.**    <u>**Rehabilitation Act**</u>

Southeastrans next argues that Mills has failed to state a claim under Section 504 of the Rehabilitation Act. (Filing No. 28 at 5.) Section 504 applies to "recipients" of federal financial assistance. 29 U.S.C. § 794. Southeastrans argues that Mills does not, and cannot, allege that Southeastrans directly contracted with the Centers for Medicare and Medicaid Services or the Department of Health and Human Services. (Filing No. 28 at 6.) Because it is not a direct recipient of federal funds, Southeastrans asserts that it is not subject to suit under Section 504. *Id.*

In response, Mills argues that Southeastrans is an "indirect recipient" of federal funds. (Filing No. 37 at 3.) Mills posits that Indiana Medicaid is undoubtedly a recipient of federal funds. *Id.* Under 45 C.F.R. §84.3, a "recipient" is defined as

> any state or its political subdivision, any instrumentality of a state or its political subdivision, any public or private agency, institution, organization, or other entity, or any person to which Federal financial assistant is extended directly or through another recipient, including any successor, assignee, or transferee of a recipient, but excluding the ultimate beneficiary of the assistance.

Under this definition, Southeastrans is an indirect recipient and, thus, Section 504 applies. *Id.*

In reply, Southeastrans argues that it is not a medical provider but merely has a procurement contract for transportation services with the State of Indiana. (Filing No. 40 at 2.) Southeastrans asserts that procurement contracts are generally excluded from the regulations that define federal financial assistance. *Id.* (citing 45 C.F.R. 84.3(h)). Southeastrans contends that the receipt of compensation for non-emergency medical transportation services from a state agency, not federal one, does not make it subject to Section 504. *Id.* at 3.

Southeastrans is correct. There is no allegation in Mills' Complaint that Southeastrans received federal funding. Further, there is no Rehabilitation Act liability for those paid by an organization or program which received federal funds. *See Grzan v. Charter Hosp. of Nw. Indiana*,

104 F.3d 116, 120 (7th Cir. 1997) ("The coverage of the Rehabilitation Act does not follow federal aid past the intended recipient to those who merely derive a benefit from the aid or receive compensation for services rendered pursuant to a contractual arrangement.").  Thus, Mills failed to state a Rehabilitation Act claim against Southeastrans and this portion of its Motion to Dismiss is **granted**.

C.     **Civil Rights Act of 1871 and § 1983**

In response to Southeastrans' arguments, Mills agreed that he waives these issues and would rely on other areas of relief.  (Filing No. 37 at 4.)  Thus, this portion of the Motion to Dismiss is granted and any claims Mills may have against Southeastrans under the Civil Rights Act of 1871 and § 1983 are **dismissed with prejudice.**

## IV.     CONCLUSION

For the foregoing reasons, Indiana Medicaid's Motion to Dismiss (Filing No. 25) is **GRANTED**.  Plaintiff Timothy Mills' breach of contract and Section 1983 claims against Indiana Medicaid are **dismissed with prejudice** and the **clerk is directed to terminate Indiana Medicaid** as a Defendant in this action.

Southeastrans, Inc.'s Motion to Dismiss (Filing No. 27) is **GRANTED in part and DENIED in part**.  The Motion is **granted** as to Plaintiff Timothy Mills' Rehabilitation Act claim, and this claim is **dismissed without prejudice**[1].  The Motion is **granted** as to Mills' Civil Rights Act of 1871, and Section 1983 claims against Southeastrans, Inc. and these claims are **dismissed with prejudice**.   The Motion is **denied** as to Mills' ADA claim and this claim shall proceed.

---

[1] "[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). Accordingly, Plaintiff is granted leave of 14 days from the date of this Order to file an amended complaint concerning those claims that are dismissed without prejudice, if doing so would not be futile. If nothing is filed by that deadline, the dismissal will convert to one with prejudice.

11

**SO ORDERED.**

Date: 9/9/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

John William Emry, Jr
JOHN EMRY, ATTORNEY AT LAW
johnemrylaw@att.net

Toni M. Everton
FROST BROWN TODD LLC (Indianapolis)
teverton@fbtlaw.com

Rebecca L. Loeffler
FROST BROWN TODD LLC (Indianapolis)
rloeffler@fbtlaw.com

Meredith McCutcheon
INDIANA ATTORNEY GENERAL'S OFFICE
meredith.mccutcheon@atg.in.gov

Adrienne Nicole Pope
INDIANA ATTORNEY GENERAL'S OFFICE
adrienne.pope@atg.in.gov